# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DAVID DWAIN SLEDGE,<br><br>Plaintiff,<br><br>vs.<br><br>CATHY REDFERN, DOCTOR RANTZ, JEANNIE SMITH, NURSE OWENS, NURSE SHERRY, STATE OF MONTANA–ATTORNEY GENERAL REPRESENTING SAME,<br><br>Defendants. | Cause No. CV 12-00077-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## SYNOPSIS

Plaintiff David Sledge filed an Amended Complaint alleging Ms. Smith violated his Eighth Amendment rights by failing to provide treatment for his appendicitis. CD 7. The Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed. Mr. Sledge alleges that Ms. Smith denied him treatment while he suffered from appendicitis. The allegation that Ms. Smith wantonly inflicted unnecessary pain on him is conclusory and implausible.

## JURISDICTION

Mr. Sledge filed this action in federal court. CD 2. The Court has personal

1

jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint presents a federal question under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, United States District Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

A pre-service review of Mr. Sledge's original Complaint found that the well-pleaded facts did not amount to deliberate indifference. Mr. Sledge was granted leave to amend his Complaint. CD 6. On December 26, 2012, Mr. Sledge filed an Amended Complaint. CD 7. In his Amended Complaint, Mr. Sledge voluntarily dismissed all defendants except Nurse Jeannie Smith. The Amended Complaint is now subject to pre-service review. 28 U.S.C. 1915A. The Amended Complaint must be dismissed if it is frivolous, fails to state a claim, or seeks monetary damage from an immune party. Id.

## STANDARDS

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### A. Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293

(9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

To state a § 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting Jett

v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 quoting Jett, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988)(citing Estelle, 429 U.S. at 104-05). An accident is not a wanton infliction of unnecessary pain, even though it may cause additional pain. Estelle, 429 U.S. at 105. An inadvertent failure to provide adequate medical care also does not constitute an unnecessary and wanton infliction of pain. Id.

## FACTS

For purposes of this review, Mr. Sledge's allegations are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Sledge alleges that he began to suffer intense stomach pain on March 5, 2012. He alleges he was seen that evening at the prison infirmary for treatment of the pain, and was given Milk of Magnesia. When the pain persisted, he again requested medical care on March 6 and 7. Mr. Sledge alleges that prison staff

5

would not take him to the infirmary either day. On the morning of March 8, 2012, Mr. Sledge was treated at the infirmary, diagnosed with a ruptured appendix, and taken to a hospital.

Mr. Sledge alleges that another inmate overheard Ms. Smith tell infirmary staff at the time Mr. Sledge was experiencing pain, "We're not going to call that in." The other inmate told Mr. Sledge of the statement a month after the episode. Mr. Sledge alleges Ms. Smith's comment – which he interprets as an instruction to deny him treatment – establishes Ms. Smith's deliberate indifference. He alleges that Ms. Smith's refusal to treat him caused two days of unnecessary and extreme pain. CD 7. Mr. Sledge states in his Amended Complaint that he is not alleging deliberate indifference based on the failure to diagnose his appendicitis, but on the denial of care for two days. CD 7.

## ANALYSIS

Mr. Sledge's appendicitis constitutes a "serious medical need" under the Eighth Amendment. Jett, 439 F.3d at 1096. However, his Amended Complaint does not plausibly allege that Ms. Smith was deliberately indifferent to that serious medical need.

Ms. Smith's only alleged involvement was her statement "We're not going to call that in." Mr. Sledge learned of this alleged statement second-hand a month

after the fact. CD 7. Even if Ms. Smith made the statement, the Court can only speculate that it was in reference to Mr. Sledge. Further, the Court must infer that the statement meant that Mr. Sledge was not to be treated. Finally, the Court would have to presume that Ms. Smith's alleged order to deny Mr. Sledge treatment was not a medical decision based on failure to recognize the seriousness of his condition, but instead was a wanton infliction of unnecessary pain. CD 7; Estelle, 429 U.S. at 105.

Mr. Sledge pleads no facts in support of this series of speculations. He simply alleges that Ms. Smith made the statement and concludes that she was therefor deliberately indifferent to his serious medical need. The allegations are conclusory and implausible – particularly considering Mr. Sledge was treated when he first complained of pain, treated again after his pain persisted, and promptly taken to a hospital when he was diagnosed. The allegation that Ms. Smith wantonly subjected him to unnecessary pain fails the Iqbal plausibility standard. 556 U.S. at 678.

## CONCLUSION

Mr. Sledge's allegations fail to state a claim upon which relief may be granted as set forth above and in the Order dated November 30, 2012. CD 6. Mr. Sledge was given an opportunity to correct these defects and he provided no new

7

facts to establish a constitutional violation. Therefore, the defects could not be cured by further amendments and the case should be dismissed.

### "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Sledge failed to state a claim upon which relief may be granted.

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Sledge's Complaints fail to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Sledge SHALL IMMEDIATELY ADVISE the Court of any change of address. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close

this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Sledge's failure to state a claim.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Sledge's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Sledge may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Sledge files objections, he must itemize each factual finding to which

objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Sledge from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of March, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge