

FILED

MAY 28 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID DWAIN SLEDGE, | CV 12-00077-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| CATHY REDFERN, DOCTOR RANTZ, JEANNIE SMITH, NURSE OWENS, NURSE SHERRY, STATE OF MONTANA–ATTORNEY GENERAL REPRESENTING SAME, | |
| Defendants. | |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong, recommending that Plaintiff David Dwain Sledge's Amended Complaint be dismissed for failure to state a claim. Sledge has

filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1).

When Sledge was given the opportunity to amend his complaint, he dropped his allegations against all of the Defendants originally named except for Jeannie Smith, a nurse at the prison infirmary. The Amended Complaint alleges that Sledge began suffering intense stomach pain on March 5, 2012. He was seen that evening at the prison infirmary and was given Milk of Magnesia. The pain persisted, however, and he again requested medical care on March 6 and March 7. Though he was allegedly told that he would be taken to the infirmary, he did not receive any treatment either day. On the morning of March 8, Sledge was treated at the infirmary, diagnosed with a ruptured appendix, and taken to the hospital. He alleges he would have been spared the two days of suffering if he had been seen on March 6 or 7. He further alleges that one month after the ordeal, a diabetic cellmate told him that an infirmary staffperson had told him that Smith had adamantly refused to see Sledge on March 6 or 7. Allegedly, upon hearing of Sledge's request for treatment, she stated, "'We're not going to call that [expletive (unknown)] in." (Amended Complaint, doc. 7 at 4.)

Judge Strong found that Sledge's allegation concerning Smith's involvement was conclusory and implausible under *Ashcroft v. Iqbal*, 556 U.S.

2

662, 678 (2009). He reasoned that Sledge did not learn of the statement until a month after the fact and that there were no facts to support the series of speculations required of the Court to find an Eighth Amendment violation. The Court could only speculate whether the statement was in fact made, whether it was in reference to Sledge, whether it meant that Sledge was not going to be treated, and whether it was a wanton infliction of unnecessary pain instead of a medical decision based on a failure to recognize the seriousness of Sledge's condition. (Findings and Recommendations, doc. 8 at 7.) The allegation that the statement demonstrated deliberate indifference was particularly implausible, Judge Strong found, because Sledge was treated with Milk of Magnesia when he first complained of pain, he was seen two days later when the pain persisted, and he was promptly taken to a hospital when the problem was diagnosed.

In his Objections, Sledge repeats the factual allegations raised in his Amended Complaint. He objects to Judge Strong's removal of the unknown derogatory term from Smith's alleged statement, noting that the inclusion of the derogatory term suggests the statement reflected a personal dislike of whomever she was speaking of rather than an objective comment regarding the condition complained of. He also contends that Judge Strong wrongfully discounted the two-day delay in treatment following Sledge's initial visit to the infirmary.

3

Finally, he explains that he did not have the opportunity to learn of Smith's alleged statement until after his two-week stay in the hospital for treatment of gangrene and after he was placed in the same cell as the diabetic inmate who was allegedly told about the statement by a third party. Sledge has been unable to inquire further of this inmate because the inmate was moved to the high-security side of the prison. He requests assistance from the Court in accessing this inmate to better establish whether there is indeed a factual basis for his claim.

It is unfortunate that Sledge's appendicitis was not discovered immediately and that there was a two-day delay between his initial treatment and subsequent follow-up. But the facts Sledge has alleged do not rise to the level of an Eighth Amendment violation. Sledge received emergency attention when he first complained of the pain, although the treatment was ineffective. He was seen at the infirmary just two days later, correctly diagnosed, and immediately transferred to the hospital. It is implausible that Smith deliberately and indifferently withheld treatment from Sledge for the two days that passed between infirmary visits. The alleged comment, which Sledge learned of third-hand and a month after the fact, could have concerned any number of topics and inmates, and Sledge alleges nothing beyond the alleged comment that connects Smith to the delay in treatment.

Accordingly, IT IS ORDERED:

1. Judge Strong's Finding and Recommendations (doc. 8) are ADOPTED in full. This matter is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Sledge's failure to state a claim.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Sledge's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

Dated this 28th day of May 2013.

Dana L. Christensen, District Judge
United States District Court